# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

SAMUEL SIMPSON GRAY,

Plaintiff(s),

v.

COX COMMUNICATIONS LAS VEGAS, INC., et al.,

Defendant(s).

Case No. 2:17-CV-890 JCM (CWH)

ORDER

Presently before the court is defendants CenturyLink Communications, LLC.'s and CenturyLink Public Communications, Inc.'s (collectively, as "defendants") motion for summary judgment. (ECF No. 3). Plaintiff Samuel Simpson Gray filed a response (ECF No. 9), to which defendants replied (ECF Nos. 11, 12).

**I.      Facts**

The instant action involves a slip-and-fall incident, which occurred on a cable box in front of Walgreens on September 25, 2014. (ECF No. 1-1 at 25). Plaintiff alleges CenturyLink's negligence in causing and failure to warn of a hazardous condition resulted in his injuries. (ECF No. 1-1 at 26–27).

Plaintiff contacted Clark County regarding his claim "shortly after" the incident. (ECF No. 9 at 4). On December 15, 2014, Clark County sent plaintiff a letter stating the county was not liable, and was instructed to make him claim through defendant Cox Communications Las Vegas, Inc., doing business as Cox Communications ("Cox"). (ECF No. 9 at 4, 10). Plaintiff, through his daughter, forwarded his claim to Cox on December 22, 2014. (ECF No. 3 at 3).

Plaintiff died in April 2016. (ECF No. 9 at 2 n.1).

**James C. Mahan**
**U.S. District Judge**

Plaintiff's counsel filed the original complaint against Cox in state court on September 16, 2016, alleging two claims for relief: (1) negligence; and (2) negligence *per se*. (ECF No. 1-1 at 1). In the original complaint, plaintiff's counsel named "Samuel Simpson Gray, individually," as the plaintiff. (ECF No. 1-1 at 1).

Plaintiff's counsel amended the complaint to include the CenturyLink defendants on January 20, 2017. (ECF No. 1-1 at 23). Defendants timely removed. (ECF No. 1).

In the instant motion, defendants moves for summary judgment. (ECF No. 3 at 6–8). CenturyLink raises the issue of standing in their reply. (ECF No. 12 at 2 n.3).

## II.     Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential

element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III. Discussion**

Defendants argue, in relevant part, that plaintiff's counsel lacks standing to bring this suit. Issues of standing "can be raised by the parties at any time, or sua sponte by a court of review, and cannot be conferred by the parties." *Swan v. Swan*, 796 P.2d 221, 224 (Nev. 1990).

**James C. Mahan**
**U.S. District Judge**

- 3 -

Under Nevada law, "every action shall be prosecuted in the name of the real party in interest." Nev. R. Civ. P. 17(a). "The inquiry into whether a party is a real party in interest overlaps with the question of standing." *Arguello v. Sunset Station, Inc.*, 252 P.3d 206, 208 (Nev. 2011) (citing *Szilagyi v. Testa*, 673 P.2d 495, 498 (Nev. 1983)).

In a survival action, the plaintiff has "the burden of alleging and proving standing." *Byrd v. Guess*, 137 F.3d 1126, 1131 (9th Cir. 1998); *see also Nw. Envtl. Def. Ctr. v. BPA,* 117 F.3d 1520, 1528 (9th Cir. 1997). To prove standing, the plaintiff must show that Nevada law "authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action." Nev. Rev. Stat. § 41.100(1); *see also Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998) (citing *Byrd*, 137 F.3d at 1131).

In the present case, the complaint filed on September 16, 2016, named "Samuel Simpson Gray, individually," as the plaintiff. (ECF No. 1-1 at 1). The amended complaint filed on January 20, 2017, properly named CenturyLink Communications, LLC.'s and CenturyLink Public Communications, Inc. as defendants. (ECF No. 1-1 at 23). Defendants raised the issue of standing in their reply on May 10, 2017, claiming they were "completely unaware of [plaintiff's death] until [p]laintiff dropped it in a footnote in drafting the [o]pposition brief." (ECF No. 12 at 2 n.3).

As a result of the four months between the original and amended complaint, and an additional four months thereafter, "a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." Nev. R. Civ. P. 17(a). Consequently, the court can dismiss "on the ground that it is not prosecuted in the name of the real party in interest." *Id.*

Here, the proper party to bring suit would be the "executor or administrator" of the plaintiff's estate under Nevada law. Nev. Rev. Stat. § 41.100(3); *see also* Nev. R. Civ. Pro. 17(a); *Romero v. Nevada Dep't of Corr.*, 673 F. App'x 641 (9th Cir. 2016).

The case being brought by Gray, individually, means that neither an executor nor administrator is asserting the negligence claim the decedent's place.[1] As such, the case is being brought and carried out by someone who is not a real party in interest and lacks standing.

---

[1] "Executor" means a person nominated in a will and appointed by the court to execute the provisions of the will and administer the estate of the decedent. Nev. Rev. Stat. § 132.130.

Accordingly, the court will grant defendants' motion for summary judgment (ECF No. 3). As plaintiff's counsel lacks standing to bring the instant action as to defendant Cox as well, the court will dismiss the claims against defendant Cox.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion for summary judgment (ECF No. 3) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the claims against defendant Cox be, and the same hereby are, DISMISSED.

The clerk is instructed to enter judgment accordingly and close the case.

DATED June 14, 2017.

_____
UNITED STATES DISTRICT JUDGE

---

"Administrator" means a person not designated in a will who is appointed by the court to administer an estate. Nev. Rev. Stat. § 132.040.